## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### Case No. 1:15-cv-22943-MGC

NATALY CANO LOPEZ, on behalf of
herself and all others similarly situated,

        Plaintiff,

v.

MIAMI-DADE COUNTY; HARVEY RUVIN,
as Clerk of the Circuit and County Courts of the
Eleventh Judicial Circuit, and N. HARRIS
COMPUTER CORPORATION,

        Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### MIAMI-DADE COUNTY'S MOTION TO STAY DISCOVERY

Plaintiff Nataly Cano Lopez, on behalf of herself and the putative class, files this response in opposition to the Motion to Stay Discovery (D.E. 48) filed by Defendant Miami-Dade County (the "County").

### INTRODUCTION

The County's Motion to Stay Discovery fails to cite even a single specific example of any prejudice that the County would suffer if it were actually forced to abide by its discovery obligations in this case as opposed to just sitting around and waiting for the Court to rule on its Motion to Dismiss.

Even if such prejudice existed, the County's Motion to Dismiss is meritless. As fully discussed in Plaintiff's opposition to the Motions to Dismiss filed by the County and the Clerk, the printing and providing of receipts are non-judicial, statutorily imposed duties that the Clerk performs *as a County officer* pursuant to Article VIII of the Florida Constitution; accordingly, the

Clerk's judicial immunity argument fails as a matter of law and the Complaint states a claim against the County for *directly* violating FACTA.

It is well-established in this District that a stay of discovery is not appropriate under such circumstances.

## BACKGROUND

On August 6, 2015, Plaintiff initiated this putative nationwide class action against the County and N. Harris for violation of FACTA's Truncation Requirement.  (D.E. 5.)

In its Scheduling Order dated August 24, 2015, the Court assigned this case to an "expedited case management track."  *See* D.E. 16.  The Scheduling Order set an expedited trial date of January 25, 2016, and various expedited pretrial deadlines, including, *inter alia*, a fact discovery deadline of October 19, 2015, and a dispositive motion deadline of November 2, 2015.  *Id.* at 1-2.

On August 31, 2015, the County and N. Harris each moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.E. 20, 21.)  The Motion to Dismiss filed by the County contended, *inter alia*, that the County was not a proper defendant and that Plaintiff should have instead sued the Clerk.  (*See* D.E. 20.)

On September 16, 2015, Plaintiff filed a Motion for Leave to Amend the Complaint to join the Clerk as a defendant.  (D.E. 32.)  On September 17, 2015, the Court granted the Motion for Leave to join the Clerk and denied both of the pending Motions to Dismiss (D.E. 20, 21) as moot.  (D.E. 34.)  That same day, Plaintiff filed the Second Amended Complaint (the "Complaint"), which is the operative pleading against the County, N. Harris, and the Clerk.  (D.E. 36.)[1]

On September 23, 2015, Plaintiff filed a motion (*see* D.E. 45) requesting a brief extension of the fact discovery deadline so that it could have sufficient time to complete discovery relating

---

[1] The first amendment to the Complaint occurred before the Complaint was served and merely substituted N. Harris for System Innovators, Corp. -- the latter having transformed from a separate corporate entity to "a division" of N. Harris following its execution of the Contract with the County.

specifically to "issues involved in maintainability of a class action."  By paperless Order dated September 23, 2015 (*see* D.E. 46), and without the need of an opposition brief, the Court granted Plaintiff's motion and extended the fact discovery deadline to November 2, 2015, with dispositive motions due 5 day later.

On September 25, 2015, the County filed its motion to dismiss the Complaint.  (D.E. 47.)

On September 30, 2015, the County filed its Motion to Stay Discovery.  (D.E. 48).

## APPLICABLE LEGAL STANDARD

It is well established in this district that "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored[.]" *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (citation omitted).  "In order to prevail on a motion to stay discovery, the movant must show that 'good cause and reasonableness' support a stay." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (Cooke, J.) (quoting *McCabe v. Foley,* 233 F.R.D. 683, 85 (M.D. Fla. 2006)).  "Absent a 'specific showing of prejudice or burdensomeness' by the movant, … 'unilateral motion[s] to stay discovery pending a ruling on [a] dispositive motion' should be denied." *Id.* (citation omitted).

If the movant makes a specific showing of prejudice or burdensomeness, the court must then "'balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery.'" *Bocciolone,* 2008 WL 2906719, at *2 (quoting *McCabe,* 233 F.R.D. at 685). "This entails taking a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (quotation omitted); *see also id.* ("Also, a motion to stay discovery … 'is rarely appropriate unless resolution of the motion will dispose of the entire case.'" (citing *S.K. Y. Mgmt. LLC v. Greenshoe, LTD,* No. 06-21722, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (Torres, M.J.))).

## ARGUMENT

The Motion to Stay Discovery should be denied because the County has failed to make any specific showing of prejudice or burdensomeness absent a stay.   Moreover, even if the County had made such a showing, a stay would still be inappropriate because the County has failed to demonstrate a strong likelihood that the Motion to Dismiss will be granted.

### I.      The County Has Failed to Cite Any Specific Prejudice It Would Suffer Absent A Stay of Discovery.

In this District, discovery stay motions should be "generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." S.D. Fla. L.R. app. A. Discovery Practices Handbook, I(D)(5) (2008). The County has not argued that any statute provides for a stay in this case (and no such statute exists), nor has it made any specific showing of prejudice absent a stay.

In *Ray v. Spirit Airlines, Inc.*, for example, the Southern District of Florida denied the defendant's motion to stay discovery pending a ruling on a motion to dismiss, concluding that the defendant "ha[d] not come forward with the kind of 'specific showing of prejudice or burdensomeness' demanded by this District"s Local Rules[.]'"  *Ray*, 2012 WL 5471793, at *3 (quoting *Bocciolone*, 2008 WL 2906719, at *2 (Cooke, J.)).  The court explained:

> … Spirit has not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay. Instead, it resorts to bland generalizations such as: '[t]he scope and breadth of Plaintiffs' RICO allegations would require a substantial amount of discovery, nearly all of which would be borne by Spirit and its outside vendors'; and 'Plaintiffs' claim that the RICO enterprise consists of numerous other *non-parties* further heightens the likely discovery burden on Spirit and also forces the imposition of similar discovery burdens on those non-parties'; and 'if discovery were to proceed on Plaintiffs' RICO claim, Spirit's representatives on advertising, pricing, Department regulations, website management, and electronically stored date, as well as Spirit's external technology and communications vendors, would be enveloped in extensive discovery based on a single claim that may ultimately be dismissed with prejudice.' Mot. at 6–7. Spirit also insinuates that discovery should be

> stayed simply because this a complex RICO case, as cases of this kind
> always involve burdensome and costly discovery. Reply at 6–7. These
> arguments won't do. They are premature and speculative: 'extensive,
> expensive discovery has not yet proceeded and likely will not have
> proceeded very far by the time the Court issues a ruling.' *Gannon v.
> Flood,* 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (Dimitrouleas,
> J.). Because Spirit has not come forward with the kind of 'specific
> showing of prejudice or burdensomeness' demanded by this District's
> Local Rules, no stay will issue. *See Bocciolone,* 2008 WL 2906719, at *2.

*Ray*, 2012 WL 5471793, at *3.

Similarly, in this case, the County has also failed to identify "in any specific and tangible way the unreasonable discovery burdens it will face absent a stay." *See id.* The County's only claim of prejudice – that the County "will expend significant time and money," (D.E. 48 at 5) – is even less specific than the prejudice identified by the defendant in *Ray*, which the court concluded was inadequate.

Moreover, because this is a straightforward FACTA case that will not require needless or expensive discovery, the Court should be particularly skeptical of the County's assertion of prejudice absent a stay. Indeed, as demonstrated by the Contract attached to the Complaint, the documents sought by Plaintiff (which primarily reflect the number of receipts printed in violation of FACTA during the putative class period) are in the County's possession and readily accessible, further counseling against a stay of discovery. *See, e.g., S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *1 (Torres, M.J.) (denying motion to stay discovery pending resolution of motion to dismiss, explaining: "Whichever version of the facts turns out to be correct, what is undisputable is that this is not an overly complex or unique case. It is a straightforward breach of contract and tort case arising from a purchase agreement that went sour. This finding is significant when measured against the pending motion to stay discovery, which seeks to prevent the Plaintiff from engaging in any discovery in the case[.] Because this is a straightforward commercial case, the burden on the Defendant here to stop all discovery before its legal defenses are finally resolved is a heavy one. … [T]he issues in the case

5

are in the nature of a run-of-the-mill commercial dispute that would not require a massive amount of discovery. The motion's suggestion that expensive time-consuming discovery is at stake is simply not tenable.").

Because the County has not made (and cannot make) any specific showing of prejudice absent a stay, the Motion to Stay Discovery should be denied. *See id.*; *Ray*, 2012 WL 5471793, at *3; *see also, e.g., Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *3 (S.D. Fla. June 20, 2014) (denying motion to stay discovery pending ruling on motion where "Defendants argue, in conclusory fashion, that the discovery would be unduly burdensome"). The Court need go no further in its analysis. *See Bocciolone,* 2008 WL 2906719, at *2 (Cooke, J.) ("Absent a 'specific showing of prejudice or burdensomeness' by the movant, ... 'unilateral motion[s] to stay discovery pending a ruling on [a] dispositive motion' should be denied.").

## II.     Assuming the County Has Adequately Demonstrated Prejudice, The Applicable Factors Still Weigh Against A Stay of Discovery.

Assuming that the County has adequately articulated prejudice absent a stay – and it clearly has not – the Court must then "'balance th[at] harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and *entirely* eliminate the need for such discovery.'" *Bocciolone,* 2008 WL 2906719, at *2 (quoting *McCabe,* 233 F.R.D. at 685) (emphasis in original); *S.K.Y. Mgmt. LLC,* 2007 WL 201258, at *2-3 (suggesting that the movant's burden to sustain his motion to stay discovery pending resolution of a dispositive motion is a function of the validity of the plaintiff's claim and the projected scope of discovery associated with the claim). "This entails taking a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Bocciolone,* 2008 WL 2906719, at *2 (quotation omitted).

**A.  Plaintiff and the Putative Class Would Suffer Harm With a Stay of Discovery.**

First, a stay of discovery would prejudice the putative class because it would prevent Plaintiff from taking discovery on issues of fundamental importance to the maintainability of a class action.

As a general rule, district courts are required to afford putative class representatives sufficient time to take meaningful discovery relating to issues involved in *maintainability* of a class action.  *E.g., Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[P]recedent counsels that … the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified.").  Several circuit courts of appeal have reversed denials of class certification "that were made without opportunity for discovery, when the pleadings on their face did not show non-compliance with Rule 23 or when the satisfaction of the Rule 23 requirements may have depended on factual matters within the knowledge or possession of the defendant."  *Id.* at 1309 n.14 (citing *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 21-22 (2d Cir. 2003); *Goodman v. Schlesinger*, 584 F.2d 1325, 1332 (4th Cir. 1978); *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972)).

In *Parker*, for example, the Second Circuit reversed the district court's denial of class certification on the following grounds:

> The District Court precluded any class discovery[.]… Absent at least limited discovery concerning the composition of the class, the District Court had no evidence regarding the size of the recovery that Time Warner might face if the class claims were successful. …
>
> Because the District Court decided Time Warner's motion [to certify the class] without the factual support necessary to support its legal conclusions, the decision to deny Rule 23(b)(3) class certification is vacated and this matter is remanded for further proceedings.  Once it has the benefit of Parker's motion to certify and the evidence relevant to that motion, the District Court will be in a position to exercise its informed discretion regarding the factors affecting Rule 23(b)(3) certification.

*Parker*, 331 F.3d at 21-22.

Thus, in this case, the Plaintiff was thus not only entitled, but *required*, to engage in discovery regarding issues such as numerosity (*i.e.,* how many receipts were actually issued by the County in violation of FACTA's truncation requirement) and "adequacy" (*i.e.,* whether Plaintiff's claim are fairly representative of those of other putative class member).[2]  Without such discovery, Plaintiff may not be able to properly prepare a motion for class certification on behalf of the putative class.

It thus came as no surprise when the Court granted Plaintiff's Motion to Extend the Discovery Deadline – an opposed motion that was based entirely on the need for more time to take **class discovery** – without the need for an opposition brief from the Defendants.  The Court is clearly expecting the parties to perform class discovery before the new discovery deadline of November 2, 2015.  The County is refusing to let that happen and is therefore unilaterally overriding the Court's order.

**B.  The County's Motion to Dismiss Is Not "Clearly Meritorious"**

Second, a "preliminary peek" of the County's Motion to Dismiss (D.E. 47) reveals that it is not "clearly meritorious."  *See id.*  As explained in Plaintiff's opposition brief (D.E. 56), which Plaintiff hereby incorporates by reference, the Motion to Dismiss will likely be denied for three reasons:

First, the printing and providing of receipts are non-judicial, statutorily imposed duties that the Clerk performs *as a County officer* pursuant to Article VIII of the Florida Constitution. Accordingly, the Clerk's judicial immunity argument fails as a matter of law and the Complaint states a claim against the County for *directly* violating FACTA.

---

[2] Discovery into the number of receipts issued in violation of the truncation requirement is not only a class maintainability issue but also an individual issue because the issuance of thousands or tens of thousands of non-compliant receipts is evidence of "willfulness" and willfulness is common to individual and class issues. *See* Second Amended Complaint, (D.E. 36 at ¶ 8), and Defendants' motions to dismiss on the issue of "willfulness" (D.E  47 at 10-13; D.E. 53 12-14).

Second, even if the Clerk somehow is not acting as a County officer when it prints and provides receipts, the allegations of the Complaint demonstrate that the County paid for, oversaw the implementation of, and controlled the Clerk's payment processing system through a written contract with N. Harris Computer Corporation ("N. Harris"), which is the same system that was used to print all of the receipts at issue in this case. Accordingly, the County is, at the very least, vicariously liable for the FACTA violations resulting from the Clerk's misuse of that payment processing system.

Third, the Complaint adequately alleges facts showing that the FACTA violations were committed willfully. The Complaint alleges that all of the Defendants were on notice of the requirements of FACTA for nearly a decade prior to the alleged violations, but nevertheless intentionally printed receipts displaying the first six digits of card numbers, which identify the card issuer, thus suggesting that the violation was purposefully done in order to streamline internal accounting. These allegations easily satisfy Rule 8 and, in fact, are more detailed than similar allegations made in other FACTA cases that have been found sufficient for pleading willfulness.

Having raised several detailed, persuasive arguments in opposition to the Motion to Dismiss, Plaintiff has adequately demonstrated that the County's Motion to Dismiss is, at the very least, not "clearly meritorious." *Bocciolone,* 2008 WL 2906719, at *1 (Cooke, J.). Accordingly, the Motion to Stay Discovery should also be denied on this alternative basis. *See id.; see also, e.g., Ray*, 2012 WL 5471793, at *2 (denying motion to stay because, "[h]aving preliminarily examined the motion to dismiss and the Complaint here, the Court cannot say that this case is surely destined for dismissal. Spirit advances several detailed arguments for dismissal, but Plaintiff also offers several detailed arguments in response."); *S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *2 (Torres, M.J.) ("[T]here is good reason to question whether Defendant will prevail on its motion to dismiss. A stay of discovery under those circumstances would be grossly inappropriate, especially when there is actually a

stronger likelihood of success that the non-movant will prevail on the legal issue. That will be determined later, but for now it suffices to say that the Defendant has not shown that it is entitled to a stay of discovery in this case.").

Finally, the Court should reject the County's argument, improperly raised at the motion to dismiss stage, that "FACTA claims are particularly unsuited for determination on a class-wide basis as a matter of law[.]"  (D.E. 48 at 5 (citing *Ehren v. Moon, Inc.,* No. 09-21222-CIV, 2010 WL 5014712, at *2 (S.D. Fla. Dec. 3, 2010) ("In this case, I find that certifying a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy.")).

Since *Ehren* was decided, the pendulum of authority has shifted, and the majority of Courts have rejected "ruinous damages" as ground for denying class certification before discovery.  *See, e.g., Bateman v. Am. Multi-Cinema, Inc.,* 623 F.3d 708, 722 (9th Cir. 2010) ("[W]e conclude that allowing consideration of the potential enormity of any damages award would undermine the compensatory and deterrent purposes of FACTA."); *Kingery v. Quicken Loans, Inc.,* 300 F.R.D. 258, 270 (S.D.W. Va. 2014) ("Although it is debatable whether class actions are superior in the FCRA context, I find the unpublished analysis of the Fourth Circuit as well as the opinions of other courts sufficiently persuasive.  While class members may have some incentive to pursue individual litigation, that incentive is insufficient to spur meaningful litigation of these rights.  In addition, even if significant individual litigation would ensue without the class action device, the possibility of inconsistent judgments suggests that individual litigation is not superior."); *Bush v. Calloway Consol. Grp. River City, Inc.,* No. 3:10-CV-841-J-37MCR, 2012 WL 1016871, at *14 (M.D. Fla. Mar. 26, 2012) ("At this time, the Court finds that it would be "unduly speculative" to deny class certification based solely on the possibility of a large damages award."); *see also Stillmock v. Weis Markets, Inc.,* 385 F. App'x 267, 274 (4th Cir. 2010) ("We agree with Plaintiffs that the district court erred in its superiority-of-method determination... First, the low amount of statutory damages available means no big punitive

damages award on the horizon, thus making an individual action unattractive from a plaintiff's perspective.  Second, there is no reasoned basis to conclude that the fact that an individual plaintiff can recover attorney's fees in addition to statutory damages of up to $1,000 will result in enforcement of FCRA by individual actions of a scale comparable to the potential enforcement by way of class action.").

Moreover, the procedural posture of *Ehren* is distinguishable from this case because the motion for class certification there arose in the context of a default judgment against the defendant. *See Keller v. Macon Cnty. Greyhound Park, Inc.*, No. 3:07-CV-1098-WKW, 2011 WL 1085976, at *11 (M.D. Ala. Mar. 24, 2011).  Here, it would be premature to weigh the proportionality of potential damages to the "net worth" of any of the Defendants without first allowing sufficient financial discovery, which means that the issue would be better addressed *after* the class is certified.  *See, e.g., Armes v. Sogro, Inc.,* No. 08-C-0244, 2011 WL 1197537, at *8 (E.D. Wis. Mar. 29, 2011) ("This court, like the courts in the Northern District of Illinois, follows *Murray*, not decisions from district courts in California or elsewhere that have accepted such annihilation and excessive damages arguments. Also, assuming that the plaintiff class is awarded damages, any unconstitutionally excessive award may be reduced at that time.  Further, the possibility of excessive damages in FCRA or FACTA cases does not impact class certification in this circuit. "'[C]onstitutional limits are best applied after a class has been certified.'"*) (citations omitted) (emphasis added)).

Finally, *Ehren* is also distinguishable because (i) Harris is contractually obligated to indemnify the County for the FACTA violations at issue, and (ii) there are insurance policies available to cover the claims, both of which would mitigate any potentially "ruinous" liability.  *See, e.g., Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2014 WL 7366255, at *10 (S.D. Fla. Dec. 24, 2014) ("But DDS may be able to seek indemnification from DDSH because DDSH agreed to indemnify DDS against any liability arising out of material noncompliance with any laws,

including the TCPA. … The Court therefore cannot conclude that a class action could serve no compensatory function for the class.  Moreover, Defendants' financial situation is a class-wide issue that class counsel can investigate if it prevails on the merits.").

At bottom, it would be premature at the Motion to Dismiss stage to analyze the potential financial impact of Plaintiff prevailing on her claim.  Such considerations therefore do not weigh in favor of staying discovery pending a decision on the County's Motion to Dismiss.

**CONCLUSION**

For all the foregoing reasons, the Court should deny the County's Motion to Stay Discovery (D.E. 48) in its entirety.

Dated:  October 19, 2015                        Respectfully submitted,

By: /s/  Frank S. Hedin

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**

David P. Milian
Florida Bar No. 844421
dmilian@careyrodriguez.com
Frank S. Hedin
Florida Bar No. 109698
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

October 19, 2015 on all counsel or parties of record.

<u>/s/  Frank S. Hedin</u>
Frank S. Hedin, Esq.