UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CV-22943-COOKE/TORRES

NATALY CANO LOPEZ, on behalf of
herself and all others similarly situated,

      Plaintiff,
v.

MIAMI-DADE COUNTY; HARVEY RUVIN,
as Clerk of the Circuit and County Courts of the
Eleventh Judicial Circuit, and N. HARRIS
COMPUTER CORPORATION,

      Defendants.
_____/

## MOTION OF DEFENDANT, CLERK HARVEY RUVIN, TO STAY DISCOVERY

Defendant, Harvey Ruvin, as Clerk of the Circuit and County Courts of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Clerk"), files this Motion to Stay Discovery pursuant to Rule 26(c), Federal Rules of Civil Procedure.  The Clerk respectfully requests that this Court stay all discovery as to the Clerk pending a ruling on the Clerk's dispositive Motion to Dismiss the Second Amended Complaint. **[DE 53]**.  As an additional ground, the Clerk respectfully requests a stay pending a decision from the Supreme Court of the United States ("Supreme Court") in *Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir.2014) *cert. granted Spokeo v. Robins*, 135 S. Ct. 1892 (2015) ("*Spokeo*"). In support thereof, the Clerk states as follows:

**I. PRELIMINARY STATEMENT**

The Amended Complaint asserts claims against the Clerk and others for purported violations of Section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), also known as the Fair and Accurate Credit Transactions Act ("FACTA"). **[DE 5]**. All discovery as to the Clerk should be stayed for two independent, yet equally compelling reasons.

First, the Clerk has a pending Motion to Dismiss the Amended Complaint. **[DE 53]**. One of the bases for his motion is that the Clerk, as a quasi-judicial official of the court, is protected from suit by the doctrine of quasi-judicial immunity. Indeed, one of the primary purposes of the doctrine is to protect quasi-judicial officers, such as the Clerk, from the burdens of participating in lawsuits.

As the Supreme Court has recognized, immunity is a threshold issue and discovery should not be allowed to proceed until the immunity question is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, for this reason alone, the Court should stay discovery until the Court resolves the question of whether the Clerk is entitled to quasi-judicial immunity.

Second, Plaintiff's alleged Article III standing to bring these claims before this Court is based solely on Defendants' alleged statutory violations. Plaintiff does not claim any factual, concrete injury-in-fact. The Supreme Court has granted certiorari in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), a case "in which the Supreme Court will decide if a plaintiff has Article III standing based solely on a 'bare statutory violation.'" *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) (discussing *Spokeo*, 135 S. Ct. at 1892). Like Plaintiff, the plaintiff in *Spokeo* alleges only violations of FACTA. *Robins v. Spokeo, Inc.*, 742 F. 3d 409, 410 (2014). *Spokeo* is set for oral argument before the Supreme Court on

November 2, 2015. *Supreme Court of the United States October Term 2015: For the Session Beginning November 2, 2015,* http://www.supremecourt.gov/oral_arguments/argument_calendars/MonthlyArgumentCalNovember2015.pdf.

The Supreme Court's determination of whether Article III's standing requirements are satisfied by mere allegations of a statutory violation without a showing of actual harm could completely dispose of this matter.  A stay will prevent the unnecessary waste of judicial and litigant resources should the Court find that plaintiffs have no Article III standing to bring FACTA claims based solely on alleged violations of statutory rights. Additionally, a stay at this early stage of the litigation will not prejudice Plaintiff.  The pending *Spokeo* case provides another, independent basis on which the Court should grant the Clerk's Motion to Stay.

For these reasons, which we explain in detail below, the Court should grant the Clerk's Motion to Stay Discovery.

## II.    FACTUAL BACKGROUND OF DISCOVERY REQUESTS

This case represents a textbook example of why absolute judicial or quasi-judicial immunity is a threshold question that must be determined prior to the commencement of discovery.  The salient facts in support of the Clerk's motion are as follows:

1.    Plaintiff filed her initial complaint on August 5, 2015.  **[DE 1]**  Her amended complaint against Miami-Dade County ("County") and N. Harris Computer Corporation ("Harris") was filed on August 14, 2015.  **[DE 5].**

2.    The Court placed this case on a fast-track calendar on August 14, 2015, **[DE 9]** and on August 24, 2015, entered an order setting pre-trial deadlines, including an October 19, 2015, deadline for completion of all fact discovery.  **[DE 16][1].**

---

[1] The Court subsequently extended the deadline for fact discovery to November 2, 2015.  **[DE 46]**.

3. This fast-tracked case had been underway for more than six weeks when the Plaintiff amended her complaint again ("Amended Complaint") and for the first time named the Clerk as a defendant. **[DE 36].** The Clerk was served on September 22, 2015. **[DE 44].**

4. Plaintiff did not allege actual injury in the Amended Complaint, but she seeks statutory damages, punitive damages, attorney's fees, costs and injunctive relief against all defendants on behalf of herself and a class of others who are allegedly similarly situated for alleged violations of FACTA. 15 U.S.C. § 1681. **[DE 36].**

5. Plaintiff alleges in the Amended Complaint that the Clerk is not the real party in interest, but she named the Clerk "in an abundance of caution and subject to discovery." **[DE 36 at ¶ 15].**

6. The truncated discovery deadlines that were established before the Clerk was named as a party deprive the Clerk of a reasonable opportunity to conduct discovery in his own defense and to prepare for discovery propounded by the Plaintiff.

7. The "abundantly cautious" Plaintiff has served the Clerk with discovery requests that are overwhelming and unreasonably burdensome. For example:

- On October 20, 2015, Plaintiff served notice of her intent to depose the Clerk's representatives on October 28, 2015 with regard to 24 separate areas of designation covering a period of more than 12 years and requiring review of potentially hundreds of thousands of court records. Plaintiff effectively gives the Clerk five (5) business days to prepare for these depositions. (See Exhibit "A").

- Plaintiff has served the Clerk with a request for production of 36 categories of records covering a period of more than four years. Court records must be individually examined by the Clerk for compliance with the confidentiality

4

> requirements of the Florida Rules of Judicial Administration, and many of these documents will need to be redacted. Again, Plaintiff is requesting that the Clerk produce potentially hundreds of thousands of documents in an impossibly short time frame. (See Exhibit "B").

- Plaintiff has served fourteen interrogatories on the Clerk that require, among other things, the Clerk to identify documents that are intermixed with other court records that have been placed in boxes located at 15 different branch court locations. (See Exhibit "C").

It has been widely publicized and is well known that court clerks throughout the state of Florida have been forced to lay-off staff due to unanticipated budget shortfalls. (See Exhibit "D").[2] Even if the Clerk were to dedicate his entire senior staff on a full-time basis to do nothing but attend to Plaintiff's discovery requests – leaving the circuit and county court judges to fend for themselves in the meantime – it is highly unlikely that the Clerk could properly prepare for and respond to those requests within the expedited timeframes required.

The onerous burden being placed on the Clerk in this case is particularly egregious because (1) the Plaintiff has not alleged actual injury; (2) she may not even have Article III standing to pursue this case; and (3) she has only named the Clerk in "an abundance of caution" – not because she believes that the Clerk is a responsible party.

This case is a "perfect storm" of circumstances that support the entry of a stay of discovery pending a determination of the Clerk's immunity from suit as raised in his Motion to

---

[2] The Clerk asks that this Court take judicial notice of the generally known fact that the Clerk's offices have been operating on a reduced budget due to continuous budget cuts, as discussed in the attached Daily Business Review article. Samantha Joseph, *Clerks' Budget Cuts Extend Into New Budget Year*, Daily Business Review (Sept. 28, 2015), http://www.dailybusinessreview.com/id=1202738400999?back=law. (See Exhibit "D"). As a result of the budget cuts, the Clerk has laid off over 30 employees and has been unable to fill over 100 critical positions. Moreover, the budget crisis has affected the Clerk's ability to respond to the judiciary on a timely basis.

5

Dismiss. **[DE 53].** Further, the *Spokeo* case which is pending in the Supreme Court could result in a determination that Plaintiff has no standing to bring this suit. Accordingly, a stay could prevent a potential waste of time and resources that the Clerk needs to support the judiciary and that the Clerk can ill afford to divert from the administration of the courts.

### III.  JUDICIAL OR QUASI-JUDICIAL IMMUNITY IS A THRESHOLD ISSUE

Federal and Florida courts have examined the role of clerks of the court when providing judicial support and have recognized that court clerks are protected by the doctrine of judicial immunity. *See McDaniel v. Harrell*, 81 Fla. 66 (1921); *Waters v. Ray*, 167 So. 2d 326 (Fla. 1st DCA 1964); *Roland v. Phillips*, 19 F.3d 552 (11th Cir. 1994). The Supreme Court of the United States has ruled that immunity is a threshold issue and, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818. Immunity is granted to judges and quasi-judicial officers of the court to protect judges and judicial processes from the harassment and intimidation that may result from actions filed by disgruntled litigants and to avoid derailing the court system. *See generally Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). For this reason, when immunity is raised in a lawsuit, it should first be decided before discovery is allowed because the purpose of immunity is to relieve the officers of the burdens associated with defending a lawsuit. Discovery requests can be an onerous burden of litigation, and compelling a defendant to fulfill discovery requests when that defendant is immune from suit defeats the purpose of immunity. In *Fuller v. Truncale,* 50 So.3d 25, 28 (Fla. 1st DCA 2010), for example, the court found that a Florida court clerk would suffer irreparable harm if forced to become entangled in litigation while awaiting a determination of his judicial immunity defense "because if the parties wait to address the issue of judicial immunity until appeal, any protection the immunity affords against suit would be sacrificed."

As stated in his Motion to Dismiss, **[DE 53]**, the Clerk's role in accepting payment for court filing fees and parking fines and issuing receipts that evidence such payments are integrally related to the judicial process. In *Bey v. Ohio*, No. 1:11-CV-1306, 2011 WL 4944396 (N.D. Ohio Oct. 17, 2011) the plaintiff filed suit against a court clerk for refusing to accept gold or silver as payment for his traffic ticket. The court held:

> Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* The acts of the court clerk about which Plaintiff complains—collecting fees—is an integral part of the judicial process and within the subject matter jurisdiction of the court for which he works. *Sindram v. Suda,* 986 F.2d 1459, 1461 (D.C.Cir. 1993) (citing the Sixth Circuit's decision in *Foster* ). Thomas Day is entitled to absolute immunity.

*Id.* at *6.

The ruling in *Bey* supports the Clerk's assertion as set forth in his Motion to Dismiss **[DE 53]** and his Reply to Plaintiff's Response to Motion to Dismiss **[DE 64]** that the issuance of a receipt for the payment of a parking citation is integrally related to the judicial process. As such, the Clerk is entitled to immunity in this case. This immunity protects the Clerk from suit and the attendant burdensome undertakings of litigation, including discovery. As explained in *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985):

> *Harlow* . . . recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law. The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

7

Similarly, in *Rindley v. Gallagher*, 890 F.Supp. 1540, 1547 (1995), a case arising in this District, the court ruled:

> Controlling law for this court as established by the Supreme Court in *Harlow, supra,* and its progeny, clearly recognizes that until the threshold immunity question is resolved, discovery should not be allowed. This obligates the court, upon presentation of the immunity defense by the parties, to rule first on the issue of immunity.

It is respectfully submitted, therefore, that the Court should stay all discovery as to the Clerk pending a ruling on the issue of the Clerk's immunity as raised in the Clerk's dispositive Motion to Dismiss.

## IV. THIS ACTION SHOULD BE STAYED DURING THE PENDENCY OF THE SUPREME COURT'S CONSIDERATION OF *SPOKEO, INC. V. ROBINS*

The Clerk respectfully requests a stay of this matter pending a decision of the Supreme Court in *Spokeo*. Courts must resolve all justiciability issues before reaching the merits of any case or controversy. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 102 (1998). The Supreme Court's determination of whether Article III's standing requirements are satisfied by mere allegations of a statutory violation without a showing of actual harm could completely dispose of this matter.

### A. Legal Standard

Article III of the United States Constitution requires that the judiciary resolve only "cases" or "controversies." U.S. Const. art. III, §2, cl. 1. This requirement led to the doctrine of standing, which has three distinct elements: 1) an injury-in-fact that is 2) concrete and particularized and 3) not conjectural or hypothetical. *Lujon v. Defenders of Wildlife*, 504 U.S. 555 (1992) (internal quotations omitted). "The party seeking federal jurisdiction bears the burden

of establishing these three elements." *Id.* In deciding a case, courts must address issues of justiciability before moving to the merits. *Steel Co.,* 523 U.S. at 102.

Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248 (1936); *Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A stay can also have positive implications that encourage a fair and concrete disposition of a contentious matter. "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise*, 2015 WL 4077433, at *2 (referencing *Clinton,* 520 U.S. at 706; *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1525 (11th Cir. 1984)). "In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest." *Boise*, 2015 WL 4077433, at *2 (referencing *Guirola–Beeche v. U.S. Dep't of Justice,* 662 F.Supp. 1414, 1417–18 (S.D. Fla. 1987)).

      B. The Outcome in *Spokeo* Will Control Whether Plaintiff Has Standing To Bring Suit Solely on Statutorily-Based Claims

The question presented to the Supreme Court in *Spokeo* goes directly to whether Plaintiff has Article III standing to bring her claims in this lawsuit. If the Supreme Court determines that plaintiff in that case does not have Article III standing based on a "bare violation of a federal statute", *13-1339 Spokeo v. Robins*, Question Presented, *http://www.supremecourt.gov/qp/13-01339qp.pdf*, the case would be dispositive in Defendants' favor. In the alternative, if the

9

Supreme Court rules in favor of the plaintiff, this case could proceed without litigating whether actual damages are necessary to sustain a FACTA claim.

In *Spokeo*, the Ninth Circuit opined that the plaintiff sufficiently alleged an injury-in-fact when he claimed that the defendant violated only his statutory rights, even though no actual damages were alleged or argued. *Spokeo*, 742 F. 3d at 413. The Ninth Circuit reversed the District Court in this determination, finding that all three constitutional requirements of standing were satisfied by the mere iteration of language in a statute, rather than by a showing of actual harm. *Id.* at 414 ("Where statutory rights are asserted, however, our cases have described the standing inquiry as boiling down to 'essentially' the injury-in-fact prong."). Interestingly, after the petition for certiorari was filed at the Supreme Court, the Justices issued an Order requesting the Solicitor General file a brief with the Court explaining the government's position on the issue. Brief for the United States as Amicus Curiae Supporting Respondent at 1, *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (No. 13-1339). The Solicitor General responded by urging the Justices not to grant certiorari to the case and by siding with the plaintiff, explaining that a sufficient injury was asserted by claiming a violation of his statutory rights. *Id.* The Justices, nonetheless, rejected the Solicitor's recommendation and voted to hear the case.

Thus, a stay pending the ultimate resolution in *Spokeo* would alleviate the need to engage in costly, time-consuming discovery and motion practice in the interest of judicial economy. A stay is particularly harmless here as this case has been pending for just over two (2) months, it has hardly progressed past the very initial phases of class action litigation, and a decision in *Spokeo* is expected within a year. Because of the relatively early stages that this case is in, a stay will not place Plaintiff's case in a compromised position.

This Court has, itself, stayed a case pending resolution of *Spokeo*. *Boise*, 2015 WL 4077433, at *2. This Court explained that "the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing *or* that Boise's claims are moot (or both)." *Id.*

Other courts have engaged in similar reasoning. In *Larson v. Trans Union LLC*, the Northern District of California explained that a stay pending resolution of *Spokeo* is appropriate because it could be dispositive not only of the plaintiff's individual claims, but also of the motion for class certification and alleged putative class claims:

> The competing interests in this case favor a stay. Larson and the class will not be materially harmed by a stay pending resolution of the *Spokeo* appeal. The Supreme Court is likely to issue a decision in the case within one year. . . . Meanwhile, if the case is not stayed, the Court, the parties, and the absent class members (who would soon receive class notice if the case were to go forward) would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary.

No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015).

Similarly, in *Hillson v. Kelly Servs., Inc.*, the Eastern District of Michigan resolved:

> The Court finds that a stay is warranted, *inter alia,* because *Spokeo* has the high potential to be completely dispositive of the instant case and because judicial economy favors a limited delay in awaiting the *Spokeo* decision. In addition and alternatively, even in the absence of dispositive motion practice, the Supreme Court's ruling in *Spokeo* has the high potential to directly impact this Court's anticipated class certification ruling, because it would appear to bear upon the issue of whether the proposed class members have Article III standing under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*

No. 2:15-CV-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) (internal citations omitted).

Several additional courts have followed suit by staying proceedings in anticipation of *Spokeo*. *See, e.g., Salvatore v. Microbilt Corp.*, No. 4:14-CV-1848, 2015 WL 5008856, at *2 (M.D. Pa. Aug. 20, 2015) ("a stay is likely to promote a more orderly course of justice, and

11

judicial economy, by allowing the court and the parties to await the Supreme Court's guidance"); *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, at *3 (E.D. Cal. July 29, 2015) ("As Plaintiff has suffered no actual harm, the risk of prejudice from delaying a decision on this case for one year is low.").

Here, like the plaintiffs in *Boise*, *Larson*, *Hillson*, *Salvatore* and *Stone*, Plaintiff claims statutory violations under FACTA, not damages based on any alleged concrete injury-in-fact. The Supreme Court's decision in *Spokeo* will directly control whether Plaintiff has Article III standing to bring such claims. A stay of this case is warranted to preclude the parties and this Court from potentially wasting time and resources while engaging in extensive litigation on claims that could ultimately have no viability. Moreover, a stay will not prejudice Plaintiff. As other courts have noted, the short one-year timeframe to *Spokeo's* disposition is not enough of a delay to materially harm the Plaintiff's case. *See Boise,* 2015 WL 4077433, at *6 (explaining that the *Spokeo* decision is "imminent within a year" and that "[a] moderate delay here will free up judicial resources without any unfair prejudice or burden on the Plaintiff."); *see also Larson*, 2015 WL 3945052, at *8 ("The competing interests in this case favor a stay. Larson and the class will not be materially harmed by a stay pending resolution of the *Spokeo* appeal. The Supreme Court is likely to issue a decision in the case within one year.").

The issuance of a stay in this matter ensure consistency of judicial determinations on this seminal issue, and is appropriate, therefore, due to the pendency of the Supreme Court's consideration of *Spokeo*.

## CONCLUSION

The Clerk is an arm of the circuit and county courts of Miami-Dade County. The onerous discovery requests served by Plaintiff and the burdens on the Clerk of litigating this fast-tracked case will severely constrain the Clerk's ability to provide support to the courts that he serves. The granting of the Clerk's Motion for Stay will protect the stability and the operations of the judiciary. For the reasons set forth above, the Clerk respectfully requests that his Motion for Stay be granted.

## CERTIFICATE OF CONFERRAL PURSUANT TO L.R. 7.1(a)(3)

Counsel for the Clerk conferred with counsel for Plaintiff, the County and Harris prior to filing this Motion to Stay. Counsel for the County and Harris agree with the relief requested herein. Counsel for Plaintiff objects to the relief requested herein.

**WHEREFORE**, the Clerk respectfully requests that this Court enter an Order staying this matter pending a ruling on the Clerk's dispositive Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law and a decision from the United States Supreme Court in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892, 191 L. Ed. 2d 762 (2015).

Dated: October 26, 2015

                                          Respectfully submitted,

                                          **HARVEY RUVIN**

                                          BILZIN SUMBERG BAENA PRICE
                                          & AXELROD LLP
                                          *Attorneys for Defendant Harvey Ruvin*
                                          1450 Brickell Avenue, Suite 2300
                                          Miami, FL  33131
                                          Telephone:  305-350-2380
                                          Facsimile:  305-351-2240

                                By:    */s/ Eileen Ball Mehta*
                                          Eileen Ball Mehta (Fla. Bar No. 239127)
                                          E-mail address:  emehta@bilzin.com
                                          Secondary e-mail address:
                                          eservice@bilzin.com

                                                        AND

                                          */s/ Luis G. Montaldo*
                                          Luis G. Montaldo
                                          Counsel to the Clerk of Courts
                                          Florida Bar No. 505031
                                          P.O. Box 13267
                                          Miami, Florida  33101
                                          Telephone:  (305) 349-7395
                                          Facsimile:   (305) 349-7239
                                          cocgencounsel@miamidade.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on October 26, 2015, on all counsel or parties of record in the manner indicated on the Service List below.

s/*Eileen Ball Mehta*
Eileen Ball Mehta

**SERVICE LIST**

David Milian, Esq.
Frank S. Hedin, Esq.
Carey Rodriguez Milian Gonya, LLP
1395 Brickell Ave., Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
Email: dmilian@careyrodriguez.com
mailto:fhedin@careyrodriguez.com
      fhedin@careyrodriguez.com
Counsel for Plaintiff
*Service by Notice of Electronic Filing*

Erica S. Zaron, Esq.
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
Email: zaron@miamidade.gov
Counsel for Miami-Dade County
*Service by Notice of Electronic Filing*

Ellen M. Leibovitch, Esq.
Assouline & Berlowe, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, FL 33431
Telephone: (561) 361-6566
Facsimile: (561) 361-6466
Email: eml@assoulineberlowe.com
Counsel for Defendant N. Harris Computer Corporation
*Service by Notice of Electronic Filing*

Luis G. Montaldo
Counsel to the Clerk of Courts
P.O. Box 13267
Miami, Florida 33101
Telephone: (305) 349-7395
Facsimile: (305) 349-7239
Email: cocgencounsel@miamidade.gov
*No Service Made*

Eileen Ball Mehta
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 350-2380
Facsimile: (305) 351-2240
Email: emehta@bilzin.com
*No Service Made*

Eric L. Samore, Esq.
Albert Bower, Esq.
Yesha Hoeppner, Esq.
SMITHANDMUNDSEN, LLC
150 North Michigan Ave., Suite 3300
Chicago, IL 60601
Telephone: (312) 894-3200
Facsimile: (312) 894-3210
Email: ESamore@salawus.com
      ABower@salawus.com
      YHoeppner@salawus.com
Counsel for Defendant N. Harris Computer Corporation
*Service by Notice of Electronic Filing*