UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-Civ-22943-COOKE/TORRES

NATALY CANO LOPEZ, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

MIAMI-DADE COUNTY, HARVEY RUVIN,
as Clerk of the Circuit and County Courts of the
Eleventh Judicial Circuit, and N. HARRIS
COMPUTER CORPORATION,

    Defendants.
_____/

## ORDER STAYING CASE

    Plaintiff Nataly Cano Lopez brings this action individually, and an on behalf of all others similarly situated, and alleges that Defendants willfully violated Section 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA"). More specifically, Plaintiff alleges that Defendants willfully and/or recklessly failed to comply with FACTA's truncation requirement by printing more than the last five digits of credit card numbers on receipts to Plaintiff and other cardholders, "uniformly burdening each of them with an elevated risk of identity theft." Second Am. Class Action Compl. ¶ 8. As a result, Plaintiff seeks "national class-wide statutory damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems proper, for the willful violations of FACTA committed by Defendants." *Id.* at ¶ 9.

    In response, Defendant Harvey Ruvin filed a Motion to Stay Discovery (ECF No. 66), wherein he argued, in part, that this case should be stayed pending the Supreme Court's resolution of *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S. Ct. 1892 (2015), and the question of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." 13-1339 *Spokeo v. Robins*, Question Presented,

http://www.supremecourt.gov/qp/13-01339qp.pdf. Defendants N. Harris Computer and Miami-Dade County joined in Defendant Harvey Ruvin's Motion to Stay Discovery pending a decision in *Spokeo*. *See* ECF Nos. 68, 73.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221 F.3d 1262, 1264 (11th Cir. 2000). Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions. *See Clinton,* 520 U.S. at 706; *see also American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). "Stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citations omitted).

While the plaintiff in *Spokeo* alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 et seq., and not FACTA, Defendants correctly point out that a ruling in *Spokeo* may apply to this Court's subject matter jurisdiction over statutory violations generally, including violations of FACTA, when a plaintiff fails to allege any concrete injury-in-fact. *See* ECF No. 66 at 12. A decision in *Spokeo* may conclusively determine whether this Court has subject matter jurisdiction over Plaintiff's claims. Therefore, because (i) a stay is warranted to avoid unnecessary expenditures of time and resources, (ii) a stay will not prejudice Plaintiff since a decision is expected within the year, and (iii) there is a public interest in judicial economy and efficiency, Defendants' Motion to Stay is granted.

Accordingly, it is **ORDERED and ADJUDGED** as follows:
1. Motion of Defendant, Clerk Harvey Ruvin, to Stay Discovery (ECF No. 66), joined in part by Defendants N. Harris Computer (ECF No. 68) and Defendant Miami-Dade County (ECF No. 73) is **GRANTED** in that this case shall be **STAYED** in its entirety pending the United States Supreme Court's decision in *Robins v. Spokeo,*

*Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S. Ct. 1892 (2015).

2. The Clerk shall *administratively* **CLOSE** this case in the interim.
3. Defendants shall notify the Court immediately following the Supreme Court's decision in *Spokeo*, at which time this case will be reopened.

**DONE and ORDERED** in Chambers, at Miami, Florida this 6th day of November 2015.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*